1  Tyler J. Woods (State Bar No. 232464)
      twoods@trialnewport.com
2  Richard H. Hikida (State Bar No. 196149)
      rhikida@trialnewport.com
3  Scott J. Ferrell (State Bar No. 202091)
      sferrell@trialnewport.com
4  **NEWPORT TRIAL GROUP**
   A Professional Corporation
5  4100 Newport Place, Suite 800
   Newport Beach, CA  92660
6  Tel: (949) 706-6464
   Fax: (949) 706-6469
7
   Attorneys for Plaintiff
8

9           **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11  THERMOLIFE INTERNATIONAL, LLC,   | Case No. **'13 CV0653 WQHBGS**

12          Plaintiff,                            **COMPLAINT FOR PATENT INFRINGEMENT**

13          vs.                                   **JURY TRIAL DEMANDED**

14  METABOLIC RESPONSE MODIFIERS,
    INC. d/b/a MRM; and ULTIMATE
15  SPORT NUTRITION,

16          Defendants

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Thermolife International, LLC ("Plaintiff") hereby alleges for its Complaint against Metabolic Response Modifiers, Inc. d/b/a MRM and Ultimate Sport Nutrition ("Defendants"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I.   THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291.

2.      Plaintiff is the exclusive licensee of the following United States Patents:

     a. Patent No. 6,646,006, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity";

     b. Patent No. 6,117,872, titled "Enhancement of Exercise Performance by Augmenting Endogenous Nitric Oxide Production or Activity";

     c. Patent No. 5,891,459, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity"; and

     d. Patent No. 7,452,916, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity."

3.      The above patents are owned by The Board of Trustees of the Leland Stanford Junior University ("Stanford University") and Plaintiff exclusively licenses the patents from Stanford University.

4.      The above patents are referred to herein as the "patents in suit."

5.      Plaintiff has been given the right by Stanford University to institute suit with respect to infringement of the patents in suit, including this suit against Defendants.

6.      Metabolic Response Modifiers, Inc. d/b/a MRM is a corporation organized and existing under the laws of California with a principal place of business at 2665 Vista Pacific Drive in Oceanside, California, 92056.

COMPLAINT FOR PATENT INFRINGEMENT

7.     Ultimate Sport Nutrition is an entity organized and existing under the laws of California with places of business at 7710 Balboa Avenue in San Diego, CA, 92111 and at 310 3rd Avenue, Suite B10 in Chula Vista, CA, 91910.

## II.     JURISDICTION AND VENUE

8.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

10.     This Court has personal jurisdiction over Defendants. By way of example and without limitation, Defendants, directly or through intermediaries (including distributors, retailers, and others), make, manufacture, ship, distribute, advertise, market, offer for sale, and/or sell dietary supplement products that infringe on one or more claims of the patents in suit (hereinafter the "accused products"), which include without limitation products sold under the "Driven" brand name, in the United States, the State of California, and the Southern District of California.

11.     By way of further example and without limitation, Defendants' principal places of business are in this District.

12.     By way of further example and without limitation, Defendants have purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that they will be purchased in the Southern District of California, and the products are actually purchased in the Southern District of California.

## III.     THE DEFENDANT'S INFRINGEMENTS

13.     Defendants have committed the tort of patent infringement within the State of California, and more particularly, within the Southern District of California, by virtue of the fact that Defendants have formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the accused products in this District, and continue to do so.

**COMPLAINT FOR PATENT INFRINGEMENT**

A. **DIRECT INFRINGEMENTS**

14. Defendants' employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities, have taken, used, and orally administered the accused products.

15. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of one or more of the patents in suit.

16. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include specific ingredients for certain purposes that, by virtue of their inclusion in the products for such purposes, infringe one or more claims of one or more of the patents in suit, and as a result, when Defendants' employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities orally administer the accused products, they are practicing the methods disclosed in those claims.

17. These infringing ingredients, and/or combinations thereof, include, without limitation, Arginine Alpha-Keto-Glutarate and Citrulline Malate, as set forth on Defendants' labels for Driven.

18. The purposes for which these ingredients are included in the accused products are, without limitation, to enhance nitric oxide production, to improve nitric oxide activity, to produce nitric oxide, to boost nitric oxide levels in the body, and to enhance physical performance.

19. For instance, as just as an example, the labels and/or advertisements for Driven states that it is formulated to "increase, energy, stamina, and endurance."

20. Defendants have encouraged and/or are aware of the fact that their employees, agents, representatives and other persons sponsored by Defendants or who endorse Defendants and Defendants' products in advertising and marketing activities

orally administer the accused products and practice the methods disclosed in one or more claim of one or more of the patents in suit, and these employees, agents, representatives and other persons sponsored by Defendants or who endorse Defendants and Defendants' products in advertising and marketing activities are acting under Defendants' direction and control when practicing those methods.

21.     Therefore, Defendants are direct infringer of one or more claims of one or more of the patents in suit, and Defendants practice the methods as set forth in one or more claims of one or more of the patents in suit.

**B.     INDIRECT INFRINGEMENTS**

22.     End-users of Defendants' accused products are also direct infringers of one or more claims of one or more of the patents in suit.

23.     End-users of Defendants' accused products have taken, used, and orally administered the accused products.

24.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold by Defendants to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of one or more of the patents in suit.

25.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold by Defendants to include specific ingredients for certain purposes that, because of their inclusion in the products for such purposes, infringe one or more claims of one or more of the patents in suit, and as a result, when end-users of Defendants' accused products orally administer the accused products, they are practicing the methods disclosed in those claims.

26.     Defendants' labels and advertising for the accused products explain the elements and essential elements of one or more of the methods disclosed in the patents in suit, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

27.    Defendants have therefore specifically intended to cause these end-users to directly infringe the claimed methods of these patents, and have in fact urged them to do so.

28.    The accused products are not suitable for non-infringing uses, and none of Defendants' labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods of the patents in suit, that do not infringe upon such methods.

29.    The inclusion of the specific infringing compounds in the products is material to practicing such methods.

30.    Defendants have knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendants encourage, urge, and induce the accused products' end-users to purchase and orally administer the accused products to practice such methods, and have done so in the past.

31.    Defendants have intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes of practicing the claimed methods, by having them orally ingest the compounds disclosed in such claims.

32.    Defendants have knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of the patents in suit.

33.    Defendants have direct, firsthand knowledge of the patents in suit.

34.    For example and without limitation, Defendants have had knowledge of the patents in suit since November 2006, when an ongoing settlement of a patent infringement case relating to at least some of the patents in suit against Herbalife, a well-known company in Defendants' industry, was announced in press releases issued in a highly publicized manner.  Defendants' employees, agents, and representatives saw the press releases and were aware of the settlement and thus the patents in suit.

COMPLAINT FOR PATENT INFRINGEMENT

35.    By way of further example and without limitation, Defendant Ultimate Sport Nutrition offers to sell and sells products manufactured and sold by Vitality Research Labs which marks on its label the patents in suit.  Thus, Defendant Ultimate Sport Nutrition has knowledge of the patents in suit.

36.    By way of further example and without limitation, Defendant MRM has sold its products through retailers, including online retailers, and those retailers have sold other companies' products whose labels and/or advertisements have been prominently marked with one or more of the patents in suit, by patent number, including without limitation the products manufactured and sold by Herbalife, Daily Wellness, and Vitality Research Labs.  Defendant MRM's employees, agents, and representatives have seen these labels and advertisements and, thus, Defendant MRM has knowledge of the patents in suit.

37.    Defendants have brazenly and willfully decided to infringe the patents in suit despite knowledge of the patents' existence and their knowledge of the accused products' infringements of the patents.

38.    At a minimum, and in the alternative, Plaintiff pleads that Defendants willfully blinded themselves to the infringing nature of the accused products' sales.

39.    Defendants have not ceased their own direct infringements, nor their contributory infringements or inducements of infringements by end-users, despite their knowledge of the patents in suit and their infringing activities with respect to the patents in suit.

40.    Plaintiff also believes Defendants, or one of them, are infringing on one or more claims of United States Patent No. 5,428,070 and Patent No. 5,945,452, patents which Defendants have had prior knowledge of and are also licensed exclusively to Plaintiff by Stanford University, to include the right to sue for infringement, and Plaintiff will seek to amend this Complaint once facts confirming that belief are ascertained.

/ / /

## IV.   FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,646,006

41.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

42.   Defendants have in the past and still are literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 6,646,006 by making, using, selling, and offering for sale the accused products, and will continue to do so unless enjoined by this Court.

43.   In addition to the fact that Defendants make, use, sell, and offer for sale the accused products, further examples of Defendants' direct infringement include, without limitation, the fact that Defendants have encouraged and/or are aware of the fact that their employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 6,646,006, and these employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities are acting under Defendants' direction and control when practicing those methods.

44.   Defendants have encouraged and are aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendants' direction and control, and therefore Defendants are directly practicing the methods disclosed in United States Patent No. 6,646,006.

45.   End-users of Defendants' accused products are also direct infringers of one or more claims of United States Patent No. 6,646,006.

46.   End-users of Defendants' accused products have taken, used, and orally administered the accused products.

47.   The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include certain

1  ingredients that, by virtue of their inclusion in the products, infringe one or more claims

2  of United States Patent No. 6,646,006.

3      48.    The accused products are formulated, made, manufactured, shipped,

4  distributed, advertised, offered for sale, and sold by Defendants to include specific

5  ingredients for purposes that, by their inclusion in the products for such purposes,

6  infringe one or more claims of United States Patent No. 6,646,006, and as a result,

7  when end-users of Defendants' accused products orally administer the accused

8  products, they are practicing the methods disclosed in one or more claims of that patent.

9      49.    Defendants' labels and advertising for the accused products explain the

10  elements and essential elements of the methods disclosed in United States Patent No.

11  6,646,006, and those labels and advertising statements encourage, urge, and induce the

12  accused products' end-users to purchase and orally ingest the products to practice those

13  methods, and end-users do practice those methods.

14      50.    Defendants have therefore specifically intended to cause these end-users to

15  directly infringe the claimed methods of United States Patent No. 6,646,006, and have

16  in fact urged them to do so.

17      51.    The accused products are not suitable for non-infringing uses, and none of

18  Defendants' labels or advertisements for the accused products disclose any uses for the

19  products, nor for the compounds disclosed in the claimed methods, that do not infringe

20  upon such methods.

21      52.    The inclusion of these specific infringing compounds in the products is

22  material to practicing such methods.

23      53.    Defendants have knowledge that the accused products are especially

24  adapted by end-users of the products for the practicing of such methods, and, indeed,

25  Defendants encourage, urge, and induce the accused products' end-users to purchase

26  and orally administer the accused products to practice such methods, and have done so

27  in the past.

28  / / /

COMPLAINT FOR PATENT INFRINGEMENT

54.    Defendants have intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 6,646,006, by having them orally ingest the compounds disclosed in such claims.

55.    Defendants have knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of United States Patent No. 6,646,006.

56.    Defendants also have direct, firsthand knowledge of United States Patent No. 6,646,006.

57.    Defendants' activities have been without express or implied license by Plaintiff.

58.    As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

59.    As a result of Defendants' acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendants' infringements, which will continue unless Defendants are enjoined by this Court.

60.    Defendants' past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V.    SECOND CAUSE OF ACTION

### Infringement of U.S. Patent No. 5,891,459

61.    Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

62.    Defendants have in the past and still are literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 5,891,459 by making, using, selling, and offering for sale the accused products, and will continue to do so unless enjoined by this Court.

///

63.     In addition to the fact that Defendants make, use, sell, and offer for sale the accused products, further examples of Defendants' direct infringement include, without limitation, the fact that Defendants have encouraged and/or are aware of the fact that their employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 5,891,459, and these employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities are acting under Defendants' direction and control when practicing those methods.

64.     Defendants have encouraged and are aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendants' direction and control, and therefore Defendants are directly practicing the methods disclosed in United States Patent No. 5,891,459.

65.     End-users of Defendants' accused products are also direct infringers of one or more claims of United States Patent No. 5,891,459.

66.     End-users of Defendants' accused products have taken, used, and orally administered the accused products.

67.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of United States Patent No. 5,891,459.

68.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringe one or more claims of United States Patent No. 5,891,459, and as a result, when end-users of Defendants' accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

69.     Defendants' labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in United States Patent No. 5,891,459, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

70.     Defendants have therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 5,891,459, and have in fact urged them to do so.

71.     The accused products are not suitable for non-infringing uses, and none of Defendants' labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods, that do not infringe upon such methods.

72.     The inclusion of these specific infringing compounds in the products is material to practicing such methods.

73.     Defendants have knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendants encourage, urge, and induce the accused products' end-users to purchase and orally administer the accused products to practice such methods, and have done so in the past.

74.     Defendants have intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 5,891,459, by having them orally ingest the compounds disclosed in such claims.

75.     Defendants have knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of United States Patent No. 5,891,459.

76.     Defendants also have direct, firsthand knowledge of United States Patent No. 5,891,459.

77.     Defendants' activities have been without express or implied license by Plaintiff.

78.     As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

79.     As a result of Defendants' acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendants' infringements, which will continue unless Defendants are enjoined by this Court.

80.     Defendants' past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VI.     THIRD CAUSE OF ACTION

### Infringement of U.S. Patent No. 7,452,916

81.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

82.     Defendants have in the past and still are literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 7,452,916 by making, using, selling, and offering for sale the accused products, and will continue to do so unless enjoined by this Court.

83.     In addition to the fact that Defendants make, use, sell, and offer for sale the accused products, further examples of Defendants' direct infringement include, without limitation, the fact that Defendants have encouraged and/or are aware of the fact that their employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 7,452,916, and these employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities are acting under Defendants' direction and control when practicing those methods.

84.    Defendants have encouraged and are aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendants' direction and control, and therefore Defendants are directly practicing the methods disclosed in United States Patent No. 7,452,916.

85.    End-users of Defendants' accused products are also direct infringers of one or more claims of United States Patent No. 7,452,916.

86.    End-users of Defendants' accused products have taken, used, and orally administered the accused products.

87.    The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of United States Patent No. 7,452,916.

88.    The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringe one or more claims of United States Patent No. 7,452,916, and as a result, when end-users of Defendants' accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

89.    Defendants' labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in United States Patent No. 7,452,916, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

90.    Defendants have therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 7,452,916, and have in fact urged them to do so.

91.    The accused products are not suitable for non-infringing uses, and none of Defendants' labels or advertisements for the accused products disclose any uses for the

COMPLAINT FOR PATENT INFRINGEMENT

products, nor for the compounds disclosed in the claimed methods, that do not infringe upon such methods.

92.    The inclusion of these specific infringing compounds in the products is material to practicing such methods.

93.    Defendants have knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendants encourage, urge, and induce the accused products' end-users to purchase and orally administer the accused products to practice such methods, and have done so in the past.

94.    Defendants have intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 7,452,916, by having them orally ingest the compounds disclosed in such claims.

95.    Defendants have knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of United States Patent No. 7,452,916.

96.    Defendants also have direct, firsthand knowledge of United States Patent No. 7,452,916.

97.    Defendants' activities have been without express or implied license by Plaintiff.

98.    As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

99.    As a result of Defendants' acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendants' infringements, which will continue unless Defendants are enjoined by this Court.

100.    Defendants' past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VII.   FOURTH CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,117,872

101.   Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

102.   Defendants have in the past and still are literally and directly infringing or directly infringing under the doctrine of equivalents one or more claims of United States Patent No. 6,117,872 by making, using, selling, and offering for sale the accused products, and will continue to do so unless enjoined by this Court.

103.   In addition to the fact that Defendants make, use, sell, and offer for sale the accused products, further examples of Defendants' direct infringement include, without limitation, the fact that Defendants have encouraged and/or are aware of the fact that their employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities orally administer the accused products and practice the methods disclosed in one or more claims of United States Patent No. 6,117,872, and these employees, agents, representatives and other persons sponsored by or who endorse Defendants and Defendants' products in advertising and marketing activities are acting under Defendants' direction and control when practicing those methods.

104.   Defendants have encouraged and are aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendants' direction and control, and therefore Defendants are directly practicing the methods disclosed in United States Patent No. 6,117,872.

105.   End-users of Defendants' accused products are also direct infringers of one or more claims of United States Patent No. 6,117,872.

106.   End-users of Defendants' accused products have taken, used, and orally administered the accused products.

107.   The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include certain

ingredients that, by virtue of their inclusion in the products, infringe one or more claims of United States Patent No. 6,117,872.

108. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendants to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringe one or more claims of United States Patent No. 6,117,872, and as a result, when end-users of Defendants' accused products orally administer the accused products, they are practicing the methods disclosed in one or more claims of that patent.

109. Defendants' labels and advertising for the accused products explain the elements and essential elements of the methods disclosed in United States Patent No. 6,117,872, and those labels and advertising statements encourage, urge, and induce the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users do practice those methods.

110. Defendants have therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 6,117,872, and have in fact urged them to do so.

111. The accused products are not suitable for non-infringing uses, and none of Defendants' labels or advertisements for the accused products disclose any uses for the products, nor for the compounds disclosed in the claimed methods, that do not infringe upon such methods.

112. The inclusion of these specific infringing compounds in the products is material to practicing such methods.

113. Defendants have knowledge that the accused products are especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendants encourage, urge, and induce the accused products' end-users to purchase and orally administer the accused products to practice such methods, and have done so in the past.

/ / /

114.   Defendants have intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 6,117,872, by having them orally ingest the compounds disclosed in such claims.

115.   Defendants have knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of United States Patent No. 6,117,872.

116.   Defendants also have direct, firsthand knowledge of United States Patent No. 6,117,872.

117.   Defendants' activities have been without express or implied license by Plaintiff.

118.   As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

119.   As a result of Defendants' acts of infringement, Plaintiff has been and will continue to be irreparably harmed by Defendants' infringements, which will continue unless Defendants are enjoined by this Court.

120.   Defendants' past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendants as follows:

1.   A declaration that Defendants have infringed the patents in suit, under 35 U.S.C. §§ 271 *et seq.*;

3.   That injunctions, preliminary and permanent, be issued by this Court restraining Defendants, their respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or

1   indirectly infringing, or inducing or contributing to the infringement by others of, the

2   patents in suit;

3       4.      That Defendants be required to provide to Plaintiff an accounting of all

4   gains, profits, and advantages derived by Defendants' infringement of the patents in

5   suit, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the

6   wrongful infringing acts by Defendants, in accordance with 35 U.S.C. § 284;

7       5.      That the damages awarded to Plaintiff with regard to the patents in suit be

8   increased up to three times, in view of Defendants' willful infringement, in accordance

9   with 35 U.S.C. § 284;

10      6.      That this case be declared to be exceptional in favor of Plaintiff under 35

11  U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other

12  expenses incurred in connection with this action;

13      7.      That Plaintiff be awarded its interest and costs of suit incurred in this

14  action;

15      8.      Compensatory damages;

16      9.      Punitive damages; and

17      10.     That Plaintiff be awarded such other and further relief as this Court may

18  deem just and proper.

19                              Respectfully submitted,
20                              NEWPORT TRIAL GROUP
                                A Professional Corporation
21

22  Dated: March __19__, 2013

23                              By:   Tyler J. Woods
                                      Attorneys for Plaintiff
24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

1

### DEMAND FOR JURY TRIAL

2
Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a

3
jury trial for all issues in this case that properly are subject to a jury trial.

4

5
Respectfully submitted,

6
NEWPORT TRIAL GROUP
A Professional Corporation

7

8
Dated: March ⎯⎯ , 2013

9
By:   Tyler J. Woods
      Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**